## EZRA B. NEWTON *et al. versus* SULLIVAN THAYER.

In a suit in equity, a special replication denying part of the matter of a plea in bar, and reasserting the substance of the bill, is inadmissible. If a plea only is put in, it must be of some matter of fact, which, if true, is an entire bar to the suit, or to some substantive part of it; and if the plaintiff deems that the plea is insufficient for this purpose, whether true or not, he should move to set it aside for insufficiency.

A bill in equity praying for an account, set forth, that the plaintiffs entered into partnership with the defendant for the purpose of running a line of stagecoaches between Marlborough and East Sudbury as part of a more extended line, it being agreed, that each should bear one half of the expenses, and should receive one half of the fare money; that subsequently the defendant bought of the plaintiffs their undivided half of the partnership property, and promised therefor to account to them, on settlement, for a certain sum; that the defendant received the whole or nearly the whole of the fare money; and that no settlement of the concerns of the partnership had ever been made. The defendant pleaded, that the line between Marlborough and East Sudbury was part of a more extended line; that agents had been employed to manage the affairs of the entire line, with authority to receive the fare of passengers; that after the payment of the expenses of such agencies, the residue of the receipts was to be divided among the respective proprietors of the intermediate lines; that there had been a general dissolution of the company of the proprietors of the entire line, and that its concerns had never been adjusted; and that the defendant had not within his control the means by which the settlement of the account could be effected. It was *held*, that the facts set forth in the plea, would not excuse the defendant from accounting.

BILL in equity. The bill set forth, that on or about June 15, 1827, the plaintiffs entered into a partnership with the defendant for the purpose of maintaining a line of stagecoaches between Marlborough and East Sudbury, as a part of a line of stagecoaches between Albany and Boston; that it was then agreed, that the plaintiffs should bear one half of the expenses of supporting such part of the line, and should receive one half of the fare money; that the defendant should bear the other half of the expenses, and receive the other half of the fare money; that in order to carry the partnership agreement into effect the plaintiffs bought of the defendant one undivided half of a stagecoach for the sum of $125, and gave their note for that amount, which had since been paid; that it was agreed, that the defendant should furnish as common stock of the partnership, three horses valued at the sum of $275, and that the plaintiffs should furnish three other

horses of equal value, or make up the deficiency, to the intent, that all the horses, together with the coach, should be owned in common, and should run in such part of the line ' that the plaintiffs did accordingly furnish two horses, but tha an arrangement was soon afterwards made, that such stage-coach should not run daily, as it theretofore had done, in consequence of which the plaintiffs did not furnish a third horse ; that drivers and whatever else was necessary for running and supporting such stagecoach, were procured and purchased ; that in August 1827, the defendant, without the consent of the plaintiffs, took one of the horses furnished by the plaintiffs, to run in a portion of the line of stagecoaches between Marlborough and Worcester, in which the plaintiffs had no interest ; that such horse, in consequence of furious and careless driving, fell, in descending a hill in Worcester, and was injured ; that a large bill of expense accrued · for the curing of the horse, payment of which had been demanded of the plaintiffs ; that the coach was run by the partnership from June till some period in the month of January following ; that in January the defendant bought of the plaintiffs their undivided half of the coach and of the remaining four horses owned by the partnership, and gave to the plaintiffs a certain writing binding himself therefor to account to them, on settlement, for the sum of $170 ; that during all the time that the coach was run by the partnership, the defendant received the whole or nearly the whole of the fare money, and that only a very small part thereof had ever been received by the plaintiffs ; that no compensation had ever been made to the plaintiffs for the loss sustained by the injury to the horse ; and that no settlement of the partnership concerns had ever been made, between the parties, although the defendant had been frequently requested to come to a final adjustment thereof. Wherefore the plaintiffs prayed, that the defendant might be required to answer, that an account might be taken, &c.

The defendant pleaded, that the line of stagecoaches between Marlborough and East Sudbury, maintained by the plaintiffs and the defendant, was a part and portion of the Citizens' line of stagecoaches between Boston and Albany . that there were established at each termination of the line,

agencies for the receipt of fare, for making out and receiving way-bills, and for managing the general affairs of the line ; that the expenses of such agencies were, in the first place, a charge upon the cash receipts of the whole line ; that the residue of such receipts was to be divided among the respective proprietors of the intermediate lines of stagecoaches in proportion to the length of such lines respectively ; that in January 1828, there was a general dissolution of the company of proprietors of the Citizens' line of stagecoaches, and the same was thereupon discontinued, and that since that time its concerns had never been settled or adjusted between the proprietors ; that the way-bills and other data from which a settlement might be made, as well between the proprietors as between the plaintiffs and the defendant, were not in the possession, nor within the control of the defendant, and that he had no means within his power by which such settlement could be made, or by which he could make answer to the matters set forth in the bill ; that the defendant believed the way-bills and other data to be in the possession of certain of such proprietors or their agents to the defendant unknown ; and that he had always been desirous and ready, as far as in him lay, to effect an entire settlement of these concerns, and was then ready to do so, if the plaintiffs should make the requisite persons parties to this proceeding in equity.  Wherefore he prayed judgment &c.

The plaintiffs replied, that the co-partnership was entered into on or about June 15, 1827, and was continued until some period in January next following, by and between the plaintiffs and the defendant *alone*, as in the bill set forth ; and that no other person or persons, to the knowledge or belief, or with the consent of the plaintiffs or either of them, were interested in the property of the partnership or the prosecution of the business thereof.  Wherefore the plaintiff prayed judgment, wnether the defendant should not be held to make further answer to the bill.

The defendant thereupon moved, that the replication be set aside, because the plaintiffs had not therein traversed or denied the issuable matters in the plea, or admitted and avoided the same by setting forth new and issuable matter which the de

Newton
*v.*
Thayer.

*Sept. 29th.*

fendant was bound to traverse or deny, or in any other way made replication to the plea.

*Barton,* for the defendant, to the' point, that the other proprietors of the Citizens' line of stagecoaches, should be made parties to the suit, by a supplemental bill, or if not, that the general agents of the line should be parties thereto, cited *St.* 1823, *c.* 140, § 2 ; 8 Com. Dig. (Hammoi d's edit.) 91, 101 ; 2 Mad. Ch. Pr. 185, 519.'

*Newton* and *W. Lincoln,* for the plaintiffs, to the point, that if the defendant intended to set up a partnership between the plaintiffs and the other proprietors of the Citizens' line, he should have alleged that the plaintiffs assented to such connexion, cited *Kingman* v. *Spurr,* 7 Pick. 235 ; and to the point, that in respect to matters of substance, the same strictness was required in equity pleadings as at law, although formal objections were not so much regarded, *Burditt* v *Grew,* 8 Pick. 108.

*Oct. 3d.*

SHAW C. J. delivered the opinion of the Court. To a bill alleging a partnership, in the business of running a line of stagecoaches, the defendant has put in a plea in bar, to which the plaintiffs have filed a special replication, denying part of the matter of the plea, and reasserting the substance of their bill. As a point of practice, it is considered as settled, that such a special replication is inadmissible and unnecessary. If a plea only is put in, it must be of some matter of fact, which, if true, is an entire bar to the suit. If the plaintiff insists that the plea is insufficient for this purpose, whether true or not, the course is for the plaintiff to move to set it aside for insufficiency, which is much in the nature of a demurrer. If held insufficient, it is overruled, and the cause proceeds as if no such plea had been filed. But if held sufficient, the plaintiff may take issue upon it, and the fact will be tried in the usual way, and if found for the defendant will determine the suit.

This cause may now be considered as upon a motion to set aside the plea for insufficiency. The plea must of course be of some fact, which if proved will be a bar to the entire suit, or at least to an entire substantive part of the suit, and in the latter case, if it does no go to the whole suit, the defendant must answer or demur to the residue. A defendant may

plead to part, answer to part, and demur to part, wheie his case requires it ; but in some form he must meet the whole substance of the bill.

In the present case the bill charges a partnership, to run a line of stagecoaches between two places named, to own the horses and carriages jointly and share the profits, that the defendant took one of the horses belonging to the partnership stock, to his own use, that he received fare money, that is, money received for the transportation of passengers, and refused to account. The plea only avers that the line of stage-coaches in question was a part of a more extended line, that in order to manage the business of this more extended line, agents had been employed, with authority to receive money from passengers, and pay certain expenses out of it, and that the defendant had been unable to make a settlement of the whole concerns of the line. This, if true, is no bar to the plaintiff's claim. If the defendant meant to insist that there was no separate partnership, to run the short line of stage-coaches, but both plaintiffs and defendant were partners with others, in a more extended line, as seems to be intimated by the argument, the plea does not state such a case. It merely states, that their line was so connected with other lines, that they were necessarily dependent upon the agency of persons connected with those lines, by contract or otherwise, to collect their fare, and that the defendant had been unable to effect a general settlement with the proprietors and agents of those lines. But suppose no settlement had been or could be made with them, this would not exempt the defendant from accounting. The plea does not meet several material allegations in the bill. For instance, the appropriation of one of the horses, belonging to the partners, to his own use. If the defendant meant to say, that the injury done to this horse as alleged, was not the subject of an equity suit, he should have demurred ; if he meant to deny the facts, he should have answered So of the fare money, alleged to have been received by him on the joint account ; he should have answered to the fact, whether he had received such money, and to what amount, and what expenses he had paid out cf it, with an offer to account.

*Plea not allowed · defendant to answer.*